UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-3467(DSD/FLN)

Rafiu Jayeola,

       Plaintiff,

v.                                 **ORDER**

Oluwafemi Emmanuel Thomas
and Mikhal Vorozhtsov,

       Defendants.

    This matter is before the court sua sponte. On December 13, 2013, plaintiff Rafiu Jayeola filed a pro se complaint against defendants Oluwafemi Emmanuel Thomas and Mikhal Vorozhtsov, seeking "to restrain the defendants from selling [Jayeola's] vehicle because they have the original title to the vehicle as a requirement [of U.S. Customs] before a vehicle can be delivered at any ports in the United States." Compl. 5.

    Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As such, the court must raise issues of jurisdiction sua sponte "when there is an indication that jurisdiction is lacking." Id. at 523. The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985) (per curiam).

Jayeola alleges that diversity jurisdiction is present. Compl. 3. "Federal court diversity jurisdiction ... requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). The parties in this matter are not diverse, however, as both Jayeola and Thomas are citizens of Minnesota. Compl. 1-2; see OnePoint Solutions, 486 F.3d at 346 ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." (citation omitted)). Moreover, Jayeola's request of $12,000 falls short of the $75,000 amount in controversy requirement. Compl. at Cover Sheet; see 28 U.S.C. § 1332(a). As a result, the court lacks diversity jurisdiction over this action, and dismissal is warranted. Accordingly, **IT IS HEREBY ORDERED** that the action is dismissed. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 17, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court